UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>  Plaintiff,<br><br>  v.<br><br>R. KRANTZ, et al.,<br><br>  Defendants. | Case No. 1:22-cv-00621-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

Plaintiff Kevin Allen is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On May 31, 2022, Plaintiff file an application to proceed *in forma pauperis* in this action. (ECF No. 5).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

\\\

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Plaintiff's *in forma pauperis* application is governed by 28 U.S.C. § 1915. Pertinent here is the so called "three strikes provision."

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on May 23, 2022. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, each of which counts as a "strike":

(1) *Allen v. T. Scott, et al.*, Case No. 1:10-cv-00183-GSA (E.D. Cal.) (ECF No. 15) (dismissing operative complaint on September 19, 2011, for failure to state a claim). In this case, the Court dismissed the operative complaint for failure to state a claim and gave Plaintiff leave to amend. When Plaintiff failed to file an amended complaint, the Court dismissed the claims in the original complaint for failure to state a claim. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

(2) *Allen v. L. Tobin, et al.*, Case No. 3:15-cv-01075-JCS (N.D. Cal.) (ECF No. 23) (dismissing operative complaint on June 27, 2016, for failure to state a claim). In this case, the

Court granted the defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim, but granted Plaintiff leave to file an amended complaint. (ECF No. 23). After Plaintiff failed to file an amended complaint, the Court dismissed the case for failure to prosecute under Rule 41(b). (ECF No. 28). *See Harris*, 863 F.3d at 1142 (concluding that "strike" counted for dismissals for failure to comply with court order to file an amended complaint after operative complaint was dismissed for failure to state a claim); *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011) (concluding that Rule 12(b)(6) dismissals for failure to state a claim count as "strikes").

(3) *Allen v. V. Bentacourt, et al.*, Case No. 1:18-cv-01187-DAD-GSA (E.D. Cal.) (ECF No. 15) (dismissing operative complaint on December 11, 2019, for failure to state a claim). In this case, the Court dismissed Plaintiff's operative complaint for failure to state a claim but granted leave to amend. (ECF No. 15). After Plaintiff's appeals and requests for reconsideration were unsuccessful, Plaintiff was ordered to file an amended complaint. (ECF Nos. 19, 20, 26, 32). After Plaintiff failed to do so, the Court dismissed the case for failure to state a claim and failure to comply with a court order. (ECF No. 37). Plaintiff appealed the judgment, and his appeal remains pending. *See Harris*, 863 F.3d at 1142; *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

(4) *Allen v. Dr. Lopez, et al.*, Case No. 1:19-cv-00154-DAD-BAM (E.D. Cal.) (ECF No. 13) (dismissing operative complaint on July 1, 2019, for failure to state a claim). In this case, the Court dismissed Plaintiff's operative complaint for failure to state a claim, with the Ninth Circuit affirming the dismissal. (ECF Nos. 13, 21); *see Harris*, 863 F.3d at 1142.

Accordingly, Plaintiff had at least three "strikes" prior to filing this action.

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted:

> [T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the "imminent danger" exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*].

*Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint brings a single cause of action against Chaplain R. Krantz, Warden C. Pfeiffer, and a John Doe defendant regarding the denial of his request for kosher meals at Kern Valley State Prison.[1] (ECF No. 1). Plaintiff asserts that the Defendants' involvement in the denial of a kosher diet has violated his First and Fourteenth Amendment rights and the Religious Land

---

[1] Plaintiff's complaint states that he "will need this court to appoint counsel so that he can amend his complaint" to identify the John Doe defendant. (ECF No. 1, p. 15). Plaintiff is advised that, should this case continue, he will be able to conduct discovery as to the identity of the John Doe defendant and he may file a motion to appoint counsel for such purpose if he believes such a motion is warranted. *See* Fed. R. Civ. P. 7(b)(1) (providing that a request for a court order must be made by written motion (unless made during a hearing or trial), must particularly identify the grounds for seeking the order, and must state the relief sought).

Use and Institutionalized Persons Act of 2000. He seeks monetary damages and injunctive relief.

Plaintiff's complaint does not allege that there is a real and imminent threat to Plaintiff's personal safety. As described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050. Plaintiff has provided no such allegations in this case. Rather, his allegations focus on the alleged denial of a diet he asserts is "commensurate with his religious beliefs" without any indication that he is in imminent danger. (ECF No. 1, p. 12) (capitalization omitted); *see Evans v. Brown*, No. 16-CV-07318-YGR (PR), 2018 WL 3219418, at *7 (N.D. Cal. July 2, 2018) ("In sum, Plaintiff cannot show that his religious practices claims arising from his exclusion from the prison's 'Ramadan Meal Program,' impacted his health conditions such that it created a serious danger of physical harm to him, imminent or otherwise.").

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## III.   CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action (ECF No. 5) be denied; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**June 2, 2022**__             /s/ *Erica P. Grosjean*
                                   UNITED STATES MAGISTRATE JUDGE