UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>   Plaintiff,<br><br>   v.<br><br>R. KRANTZ, et al.,<br><br>   Defendants. | No. 1:22-cv-00621-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 5, 6) |

Plaintiff Kevin Allen is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a complaint on May 23, 2022 (Doc. No. 1) and an application to proceed *in forma pauperis* on May 31, 2022 (Doc. No. 5). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2022, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's applications to proceed *in forma pauperis* be denied and that he be required to pay the $402.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 6 at 2–5.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On

1

June 23, 2022, plaintiff filed objections to the pending findings and recommendations.  (Doc. No. 9.)

In his objections to the pending findings and recommendations, plaintiff contends that he is not subject to the three strikes bar under § 1915(g) because three of the four orders relied upon in the findings and recommendations as strikes do not qualify as strike dismissals under that statute.  (Doc. No. 9 at 2–3.)  Each of the dismissal orders relied upon in the findings and recommendations is addressed in turn below.

First, the findings and recommendations rely upon the dismissal order in *Kelvin[1] Allen v. T. Scott, et al.*, No. 1:10-cv-00183-GSA (E.D. Cal. Sept. 9, 2011) as a prior strike.  (Doc. No. 6 at 2.)  A review of the docket in that case establishes that the action was dismissed "for failure to state a claim upon which relief can be granted."  (*Scott*, Doc. No. 15 at 2.)  That dismissal order was signed by a magistrate judge, and plaintiff had consented to magistrate judge jurisdiction in that action.  (*Scott*, Doc. No. 5.)  The United States Court of Appeals for the Ninth Circuit has clarified that although "a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape the consequences of [a] prior judgment [] through an untimely collateral attack."  *Hoffman v. Pulido*, 928 F.3d 1147, 1149–1150 (9th Cir. 2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)); *see also Jones v. Alameda Dist. Attorney's Office*, No. 19-cv-04428-RS-PR, 2019 WL 4845694, at *1, n.2 (N.D. Cal. Oct. 1, 2019) (citing *Hoffman* and counting dismissal orders signed by magistrate judges as strikes under § 1915(g)).  Accordingly, the dismissal of the *Scott* action, qualifies as a strike against plaintiff under 28 U.S.C. § 1915(g).  Indeed, in his objections, plaintiff concedes that the dismissal order in *Scott* qualifies as a strike against him under § 1915(g).  (Doc. No. 9 at 2.)

/////

---

[1] In the complaint that plaintiff filed in 2010 to initiate the *Allen v. T. Scott* action, plaintiff had stated that his first name was "Kelvin" and that his inmate number was K41879.  (*T. Scott*, Doc. No. 1.)  In the complaint plaintiff filed to initiate the pending action, plaintiff stated that his first name is "Kevin," and his inmate booking number is K41879.  (Doc. No. 1.)  Despite the difference in the first name provided, plaintiff does not dispute that he was the plaintiff in the *Scott* action.

2

Second, the findings and recommendations rely upon the dismissal in *Kevin Allen v. L. Tobin, et al.*, No. 3:15-cv-01075-JCS (N.D. Cal. June 27, 2016) as a prior strike. (Doc. No. 6 at 2–3.) A review of the docket in that case establishes that on June 27, 2016, the assigned magistrate judge issued an order granting the defendants' motion to dismiss plaintiff's complaint because he had failed to state cognizable claims. (*Tobin*, Doc. No. 23.) Plaintiff was granted leave to file an amended complaint. (*Id.* at 4.) However, plaintiff did not file an amended complaint, and on September 27, 2016, the magistrate judge issued an order dismissing that action due to plaintiff's failure "to respond to the Court's order, and for failure to prosecute." (*Tobin*, Doc. No. 28 at 1.) Although the pending findings and recommendations state that *Tobin* was dismissed because plaintiff had failed to state a claim, the undersigned notes that the dismissal order in *Tobin* did not state plaintiff's failure to state a claim as a ground upon which it was dismissing the case without prejudice. In addition, although the pending findings and recommendations rely on the decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), the dismissal order issued by the magistrate judge in *Tobin* does not qualify as a strike under § 1915(g) because the *district court* did not dismiss the complaint for failure to state a claim. *See Harris*, 863 F.3d at 1143 ("Accordingly, we hold that when (1) *a district court* dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).") (emphasis added).

Third, the findings and recommendations rely upon the dismissal in *Kevin Allen v. V. Bentacourt, et al.*, No. 1:18-cv-01187-DAD-GSA (E.D. Cal. Nov. 25, 2020) as a prior strike. (Doc. No. 6 at 3.) A review of the docket in that case establishes that the action was dismissed by the assigned district judge "due to plaintiff's failure to state a claim upon which relief may be granted under § 1983 and his failure to obey the court's order." (*Bentacourt*, Doc. No. 37 at 2.) Accordingly, the dismissal of that case counts as a strike against plaintiff under 28 U.S.C. § 1915(g).

Fourth, and finally, the findings and recommendations rely upon the dismissal in *Kevin Allen v. Dr. Lopez, et al.*, No. 1:19-cv-00154-DAD-BAM (E.D. Cal. July 1, 2019) as a prior

strike. (Doc. No. 6 at 3.) A review of the docket in that case establishes that the action was dismissed by the assigned district judge "due to plaintiff's failure to state a claim upon which relief may be granted." (*Dr. Lopez*, Doc. No. 13 at 2.) Accordingly, the dismissal of that case counts as a strike against plaintiff under 28 U.S.C. § 1915(g).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that three of the four dismissal orders relied upon in the findings and recommendations as strikes under § 1915(g) do indeed qualify as strikes under that statute. Thus, the undersigned agrees that plaintiff has incurred three strikes under § 1915(g), and on that basis, adopts the magistrate judge's recommendation that plaintiff's application to proceed *in forma pauperis* be denied.

Accordingly,

1. The findings and recommendations issued on June 2, 2022 (Doc. No. 6) are adopted;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 5) is denied;
3. Within thirty (30) days from the date of service of this order, plaintiff shall pay the $402.00 filing fee in full in order to proceed with this action;
4. Plaintiff is forewarned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and
5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **July 25, 2022**                              /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE